**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

VICTORIA HUDDLESTON,
   Plaintiff,

           v.

METROPOLITAN ATLANTA RAPID
TRANSIT AUTHORITY,
   Defendant.

Civil Action No.
1:23-cv-04552-SDG

## OPINION AND ORDER

This case is before the Court on the Non-Final Report and Recommendation

(R&R) of United States Magistrate Judge Lawrence R. Sommerfeld [ECF 54], which

recommends that Defendant Metropolitan Atlanta Rapid Transit Authority's

(MARTA) partial motion to dismiss the second amended complaint [ECF 47] be

denied. MARTA filed objections [ECF 58]. After careful consideration, MARTA's

objections are **OVERRULED**, and the R&R is **ADOPTED** in its entirety.

## I.     APPLICABLE LEGAL STANDARD

A party challenging a report and recommendation issued by a United States

Magistrate Judge must file written objections that specifically identify the portions

of the proposed findings and recommendations to which an objection is made and

must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353,

1361 (11th Cir. 2009). The district court must "make a *de novo* determination of

those portions of the report or specified proposed findings or recommendations to

1

which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

## II.    DISCUSSION

The factual and procedural background of this case are fully set out in the R&R.[1] MARTA objects to the R&R on two grounds: (1) "the continuing complaint doctrine does not exist in retaliation law"; and (2) the R&R erred in concluding that MARTA's denial of Huddleston's short-term disability benefits, refusal to

---

[1]    ECF 54, at 1–7.

interview Huddleston for open positions she qualified for, and multiple threats of termination were adverse employment actions.[2]

To make out a *prima facie* case of retaliation under the Americans with Disabilities Act of 1990, *as amended*, 42 U.S.C. § 12101, *et seq.* (ADA) and the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), Huddleston must show that "(1) she participated in conduct that the statute protects; (2) she suffered an adverse employment action; and (3) the protected conduct and the adverse employment action are causally related." *Todd v. Fayette Cnty. Sch. Dist.*, 998 F.3d 1203, 1219 (11th Cir. 2021).[3] At the motion-to-dismiss stage, this comes with a caveat: "At the pleading stage . . . [the] complaint 'need not contain specific facts establishing a *prima facie* case.'" *McManus v. Amerijet Int'l, Inc.*, No. 23-13554, 2024 WL 4003391, at *3 (11th Cir. Aug. 30, 2024) (quoting *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1270 (11th Cir. 2004)) (a Title VII case). Instead, to state an ADA or Rehabilitation Act retaliation claim, the complaint "need only provide enough factual matter (taken as true) to suggest" retaliation. *Id.* (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015)); *see also Marshall v. Mayor &*

---

[2]  *See generally* ECF 58.

[3]  Retaliation claims under the ADA and the Rehabilitation Act are evaluated under the same framework used for Title VII retaliation claims. *Todd*, 998 F.3d at 1219.

*Alderman of City of Savannah*, 366 F. App'x 91, 100 (11th Cir. 2010) (holding the same in a Title VII case).

### A.    Huddleston plausibly alleges multiple instances of protected activity.

MARTA's first objection appears to argue that Huddleston's multiple requests for accommodations, her filing of an EEOC complaint, and her internal complaints about disability discrimination and delays in processing her accommodation requests were simply one unified protected activity, citing the Supreme Court's decision in *Clark County School District v. Breeden*, 532 U.S. 268 (2001). However, *Breeden* is simply not on point here. The relevant analysis in *Breeden* was limited to only one relevant protected activity—the plaintiff's filing of an EEOC complaint—and the question was when the plaintiff's supervisor knew that the plaintiff had filed an EEOC complaint: at the time of filing, upon the EEOC's issuance of a right-to-sue letter, or never, as the Supreme Court ultimately held. *Id.* at 272–73.

Here, the R&R concludes that Huddleston's accommodation requests and formal and informal complaints could be considered protected activities. MARTA has not shown that, as a matter of law, the Court must treat those instances as one single protected activity for purposes of her retaliation claims. When viewed in the light most favorable to Huddleston, the second amended complaint plausibly alleges multiple instances of protected activity. While those activities obviously all

4

relate in some way to Huddleston's accommodation request, nothing in *Breeden* requires the Court to treat those activities as one, at this stage. Accordingly, this objection is overruled.

It also follows then that the protected activities identified in the R&R can support the "'close temporal proximity' between the protected expression and an adverse action," which raises an inference of causation. *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004).

### B.     Huddleston plausibly alleges multiple adverse employment actions.

MARTA's second objection asserts that the adverse employment actions identified in the R&R are unsupported by law or fact. However, MARTA's objection as to the denial of Huddleston's short-term disability benefits is itself unsupported by legal authority or factual citation[4] and may be overruled on that basis alone. As to MARTA's failure to interview Huddleston for vacant positions she qualified for, MARTA distinguishes the case relied on by the R&R, *Simpson v.*

---

[4]     MARTA presents no legal or factual basis to assert that "[i]t is common sense that short-term disability is only available to those who have present disabilities," and "it is common knowledge that employers use third-party administrators to determine disability claims." ECF 58, at 2 & n.1. Nor does MARTA explain why the Court must adopt its self-serving definition of "disability" or why Huddleston's underlying medical conditions do not, as a matter of law, qualify; nor does it explain why MARTA's purported use of a third-party administrator insulates it from retaliation claims as a matter of law. MARTA is warned not to lodge similarly frivolous and conclusive objections in the future.

*State of Alabama Department of Human Resources*, 501 F. App'x 951 (11th Cir. 2012), but presents no authority for the proposition that such failure cannot, as a matter of law, constitute an adverse employment action. *See, e.g.*, *Boothe v. Henderson*, 31 F. Supp. 2d 988, 996 n.6 (S.D. Ga. 1998) (noting that the term "[a]dverse employment action" has been held to include "demotions, ***refusals to hire***, refusals to promote, and reprimands") (emphasis added).

Moreover, the Eleventh Circuit has recognized that the *Burlington Northern* standard for retaliation claims "protects employees more broadly — and is more easily satisfied — than the standard applicable to claims of discrimination." *Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 861 (11th Cir. 2020) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006)). It is also "contextual," *id.* at 862, such that "the significance of any given act of retaliation will often depend upon the particular circumstances," *Burlington Northern*, 548 U.S. at 69.[5]

For present purposes, undersigned concludes only that the R&R did not err in holding that, in the context of Huddleston's (alleged) 16-month Sisyphean quest

---

[5] In *Burlington Northern*, the Supreme Court gave the examples of: (1) "A schedule change in an employee's work schedule may make little difference to many workers, but may matter enormously to a young mother with school-age children"; and (2) "A supervisor's refusal to invite an employee to lunch is normally trivial, a nonactionable petty slight. But to retaliate by excluding an employee from a weekly training lunch that contributes significantly to the employee's professional advancement might well deter a reasonable employee from complaining about discrimination." 548 U.S. at 69.

for a reasonable accommodation for her underlying medical conditions during a global pandemic, Huddleston's allegations suggest that "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination," *Monaghan*, 955 F.3d at 861, for MARTA to deny her short-term disability benefits, refuse to interview her for vacant positions she qualified for, and repeatedly threaten to fire her. *Compare Williams-Evans v. Advance Auto Parts*, 843 F. App'x 144, 149 (11th Cir. 2021) (holding that "a threat of termination, *without more*, is not a 'materially adverse' employment action") (emphasis added). Accordingly, this objection is overruled.

## III. CONCLUSION

MARTA's objections to the R&R [ECF 58] are **OVERRULED**, and undersigned **ADOPTS** the R&R [ECF 54] as the Order of this Court. MARTA's partial motion to dismiss the second amended complaint [ECF 47] is **DENIED**. MARTA shall file its answer to Huddleston's second amended complaint within 14 days of this Order. The Clerk is **DIRECTED** to re-submit this case to Judge Sommerfeld for further proceedings.

**SO ORDERED** this 30th day of March, 2026.

Steven D. Grimberg
United States District Judge

7